# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### CIVIL NO. 3:07CV468-03-W
#### (3:04CR13-13-W)

| | |
|---|---|
| **MITCHELL TERRELL MORRISON,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed October 30, 2007 (Doc. No. 1.) For the reasons stated herein, Petitioner's motion will be denied.

## I. PROCEDURAL HISTORY

On August 1, 2005, the Petitioner was charged along with twelve co-defendants in a ten-count Superseding Bill of Indictment. Count One charged each defendant with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count Eight charged Petitioner with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841.[1] (Case No. 3:04cr13, Doc. No. 18) On August 15, 2005, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to Count One of the Superseding Bill of Indictment and Count Eight would be dismissed at the time of sentencing. (Case No. 3:04cr13, Doc. No. 223). With respect to the offense conduct, the parties

---

[1] Petitioner was not named in any other counts of the Superseding Bill of Indictment.

1

stipulated that the amount of methamphetamine that was known to or reasonably foreseeable by Petitioner was "in excess of 5 grams, and/or 50 grams of a mixture and substance containing a detectable amount of methamphetamine."  Id. § 7a.  Also, by the terms of the plea agreement, Petitioner expressly waived his right to directly appeal his conviction or sentence, or to collaterally attack those matters on any grounds except ineffective assistance of counsel and/or prosecutorial misconduct. Id. ¶ 20,

On October 4, 2005, Petitioner appeared before the Court for a Rule 11 Hearing. ( Case No. 3:04 cr 13, Doc. No. 232.)  At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. Id.  After hearing Petitioner's answers to each of its questions, and finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted his guilty plea.  Id..

On November 27, 2006, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea.[2]  In addition, Petitioner affirmed that counsel had reviewed the presentence report ("PSR") with him, and he understood the contents of such report.  Petitioner's counsel objected to the PSR because, although Petitioner's Plea Agreement contained a stipulation that Petitioner qualified for the safety valve, the probation officer concluded that Petitioner did not qualify for the safety valve due to his criminal history.  Counsel for the government conceded that it was a mistake that he included this stipulation in the Plea Agreement.  Petitioner decided to go forward

---

[2] The Court notes that it has reviewed a realtime transcript of the Sentencing Hearing that was held on November 27, 2007.  This transcript supports the undersigned's personal recollection of that proceeding.

with his guilty plea despite this error.  Counsel for the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) recommending that the Court depart from the mandatory minimum in light of Petitioner's cooperation efforts and sentence Petitioner at an offense level of 21, criminal history category II with a range of 41 to 51 months.  In light of the Government's error regarding the application of the safety valve, the Government orally amended its previously filed motion for a downward departure and recommended that the Court sentence Petitioner to an offense level of 19, criminal history category II with a range of 33 to 41 months.  The Court adopted the Government's amended motion for a downward departure and sentenced Petitioner to 33 months imprisonment plus four years of supervised release.

Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.  Instead, on May 24, 2007 Petitioner filed a Motion for Sentence Clarification and/or Nunc Pro Tunc Order (Case No. 3:04cr13, Doc. No. 309) in which he argued that the Bureau of Prisons wrongfully refused to credit his sentence with the appropriate time he served in detention prior to his sentencing.   This Court construed Petitioner's motion as a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denied the motion because Petitioner had not supplied any documentation from the Bureau of Prisons establishing that he exhausted his administrative remedies.  (Id., Doc. No. 318.)  On October 30, 2007 Petitioner filed the instant motion alleging that his counsel was ineffective for failing to bring to the Court's attention the fact that he spent 442 days in home detention prior to his sentencing hearing and that such failure resulted in him being "illegally sentenced to a term of imprisonment laonger (sic) than permitted by Federal Statute."  Motion to Vacate at 3.

## II. ANALYSIS

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S. C. §2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 quoting Hill v. Lockhart, 474 U.S. 52,

59 (1985) (internal citations and quotations omitted).

Applying the foregoing principles to Petitioner's allegation against counsel, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure.

Petitioner claims that his counsel was ineffective because he failed to bring to the Court's attention his 442 days in home detention during his pretrial release. If his counsel had brought this to the Court's attention, Petitioner argues, he would have received a lower term of imprisonment.

Petitioner is incorrect. First, this Court was well aware that Petitioner was on home detention during the period leading up to his Sentencing Hearing and his counsel did remind this Court of his pretrial status when he made a motion that Petitioner be permitted to **remain out** of custody and delay reporting to the Bureau of Prisons in an effort to continue cooperation efforts. However, a defendant's pretrial home detention or custody status has no impact on this Court's Sentencing calculations.[3] Petitioner cites to no provision of the Sentencing Guidelines that authorizes the Court to depart based on the fact that a defendant served time in custody or home detention during the period leading up to his sentencing. Therefore, counsel's alleged failure to bring to the Court's attention that his client served 442 days in home detention was not

---

[3] The Bureau of Prisons calculates how the Court's sentence will be executed. In other words, if there is a credit of time due to a defendant based on his status during the time leading up to sentencing, the Bureau of Prisons is the entity charged with calculating that credit. See United States v. Wilson, 503 U.S. 329, 334-35 (1992).

objectively unreasonable and Petitioner has not established that the outcome of the proceedings would have been different if counsel had.  Indeed, Petitioner was facing a statutory sentence of not less than 5 years nor more than 40 years.  21 U.S.C. § 841(b)(1)(B).  Other than a motion for a downward departure pursuant to U.S.S.G § 5K1.1 and 18 U.S.C. § 3553(e), this Court had no authority to sentence below the statutory minimum of 5 years.  Counsel for the Government did make a motion for departure based on 5K1.1 and 18 U.S.C. § 3553(e). The Court granted the motion and sentenced Petitioner to 33 months in custody.  The undersigned would have been without authority to sentence below the statutory minimum of 5 years based on Petitioner's period of home detention and would not have departed downward or sentenced below the statutory minimum on this basis.  Therefore, Petitioner cannot establish prejudice for his counsel's alleged error.

Next, Petitioner's reliance on U.S.S.G. § 5F1.2 is misplaced.  Part F of the Sentencing Guidelines provides options that the Court has for sentencing other than or in addition to imprisonment.  These options include: community confinement; home detention;[4] community service; occupational restrictions etc....  See. U.S.S.G. §5G1.1 - 1.7.  However, these options are for the Court in determining the appropriate sentence for a defendant's criminal conduct, they do not govern the Court's options for pretrial detention or pretrial release.  Therefore, this section is not applicable to Petitioner's case.

Finally, although Petitioner's argument is couched in terms of an ineffective assistance of counsel claim, Petitioner seems to be contesting the computation or execution of his sentence.  In

---

[4] Specifically, section 5F1.2 states that "[h]ome detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."

other words, Petitioner's argument seems to be that he should have been given credit toward his sentence of the 442 days he spent in home detention during his pretrial release. This type of claim is an attack on the execution of his sentence which is properly brought under 28 U.S.C. § 2241 in the district where Petitioner is confined. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

Petitioner has not satisfied either prong of the two-part test articulated in Strickland, therefore, his claim of ineffective assistance of counsel must fail.

### III. ORDER

**IT IS, THEREFORE, ORDERED that** Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 is hereby **DENIED**.

**SO ORDERED.**

Signed: December 12, 2007

Frank D. Whitney
United States District Judge